SMITH (FREEMAN'S NAT. BANK v.). See Case No. 5,089.

## Case No. 13,049.

### SMITH v. FRYE.

#### [5 Cranch, C. C. 515.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

BANKS—EXPIRATION OF CHARTER—DEBTS DUE—RIGHT TO SUE FOR—NOTE IN RENEWAL —AGENCY.

The debts due to the late Bank of the United States on the 3d of March, 1836, were not extinguished by the expiration of the term for which the corporation was created; and it had a right to use its corporate name, style, and capacity, for a further period of two years, for the final settlement of its affairs. A note given after the 3d of March, 1836, to the plaintiff, (who was an agent of the Bank of the United States,) by way of renewal of a note due before that day, was not void; nor was it necessary to use the name, style, or capacity of the bank to enable the plaintiff to recover upon such a note.

Assumpsit [by Richard Smith against Nathaniel Frye] upon the defendant's note, dated May 17, 1836, by which 60 days after date he promised to pay to the order of Richard Smith, cashier, &c., $6,063, for value received, payable at the office of the Bank of the United States, at Washington. This note was given in renewal of a note to the plaintiff dated March 15, 1836, which was given in renewal of a note to the plaintiff, due November 17, 1835.

Mr. Hellen, for defendant, contended that the debts due to the bank were extinguished by the expiration of the term for which the charter was granted, unless there is some saving clause. 2 Kent, Comm. 307. The note was given to the plaintiff as agent of the bank, and must be considered as given to the bank itself. But the bank was not competent either by itself, or an agent, to make a new contract. If the plaintiff was appointed as agent before the 3d of March, 1836, his authority ceased on that

[1] [Reported by Hon. William Cranch, Chief Judge.]

day by the expiration of the charter. Ang. & A. Corp. 161. The renewal of a note constitutes a new contract, which abrogates the old one. Thornton v. Bank of Washington, 3 Pet. [28 U. S.] 41, 42. The charter reserves no authority to make a new contract. The twenty-first section of the charter, which authorizes "the use of the corporate name, style, and capacity, for the purpose of suits, for the final settlement and liquidation of the affairs and accounts of the corporation, and for the sale of their estate, real, personal, and mixed; but not for any other purpose, or in any other manner whatsoever, nor for a period exceeding two years after the expiration of the said term of incorporation," gives no power to make new contracts. It gives no implied powers; it only saves existing contracts. It is only a power to use the corporate name, style, and capacity, for the purpose of suits on subsisting contracts; and of suits for the final settlement and liquidation of their affairs and accounts. The use of the name, style, and capacity, is limited to the objects named in the twenty-first section; otherwise the words, "for no other purpose," would have no meaning or use. The bank might have enforced the payment of the note due on the 17th of November, 1835, and may yet.

Mr. Hellen then prayed the court to instruct the jury, in substance, as follows, namely: That if the note of 17th May, 1836, upon which this suit was brought, was given in renewal as aforesaid, to the plaintiff, as agent of the Bank of the United States, he cannot recover in this action; the charter of the bank having expired on the 3d of March, 1836. Which instruction THE COURT (THRUSTON, Circuit Judge, absent) refused to give.

He then prayed the court to instruct the jury, in effect, that if the plaintiff, as agent of the bank, discounted the note on which suit was brought, he cannot recover. Which instruction THE COURT also refused to give.

He then further prayed the court to instruct the jury, in effect, that if the note in suit was given to the plaintiff as agent of the bank, according to the usage or direction of the bank, in renewal of notes for $6,000, theretofore discounted by the bank, or its branch at Washington, and that the plaintiff has charged and taken from the defendant more than six per cent. interest on the loan, the same is usury and in violation of the charter of the bank, and the plaintiff is not entitled to recover. But THE COURT refused this instruction, also, and the defendant took his bill of exceptions; but has not taken a writ of error.